

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-21-2008

# USA v. McElheney

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-4910

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. McElheney" (2008). 2008 Decisions. Paper 1554.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1554

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 06-4910

UNITED STATES OF AMERICA

v.

DANIEL McELHENEY,
Appellant

On Appeal from the United States District Court
for the District of New Jersey
D.C. Criminal No. 04-cr-00682
(Honorable Joseph H. Rodriguez)

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 17, 2008
Before:  SCIRICA, *Chief Judge*, BARRY and ROTH, *Circuit Judges*.

(Filed February 21, 2008)

OPINION OF THE COURT

SCIRICA, *Chief Judge*.

Daniel McElheney appeals his criminal sentence and conviction.  We will affirm.[1]

---

[1] McElheney's attorney filed a brief under *Anders v. California*, 386 U.S. 738 (1967), and a motion to withdraw as court-appointed counsel.  McElheny filed a pro se brief with this Court on November 1, 2006.

McElheney pled guilty to a one-count information charging conspiracy to distribute and to possess with intent to distribute more than 1.5 kilos of crystal methamphetamine under 21 U.S.C. § 846. In exchange for his guilty plea, the government agreed not to bring additional charges. Additionally, McElheney waived his right to appeal the District Court's determination of the offense level if found to be equal to or less than 35, and the government likewise waived the right to appeal if the total offense level was equal to or greater than 33. In the plea agreement, both parties agreed the total offense level was 35.[2] Defense counsel and the court discussed with McElheney the proposed plea agreement, as well as his right to a jury trial, the risks associated with trial and pleading, and the advisory nature of the sentencing guidelines. McElheney entered his plea knowingly, intelligently, and voluntarily.

The District Court agreed the total offense level was 35 with a corresponding guideline range of 188 to 235 months. When given the chance to offer mitigating factors, defense counsel argued McElheney's need to pay for counsel in a separate pending lawsuit spurred his participation in the drug conspiracy. The court sentenced McElheney to 94 months, departing downward from the guideline minimum.

Our review reveals defense counsel thoroughly considered all plausible bases for appeal and set forth in the *Anders* brief why such issues were legally frivolous. Counsel

---

[2]The base offense level was at least 38 with a three-level reduction for acceptance of responsibility and for a timely plea of guilty.

examined at length the guilty plea colloquy transcript, the sentencing transcript, the Presentence Investigative Reports, and other documents. McElheney knowingly and voluntarily entered into the guilty plea agreement, waiving his Constitutional rights. McElheney acknowledged he understood the charges and essential elements to which he pled guilty. The District Court's sentence was half of the guideline minimum. Based on our own examination of the record, we conclude that counsel satisfied the requirements of Third Circuit Local Appellate Rule 109.2(a) under *Anders*.

McElheney also submitted a brief, raising two issues: 1) ineffective assistance of counsel, and 2) the total offense level should have been reduced under U.S.S.G. § 5K2.12 for "coercion and duress". We do not ordinarily consider ineffective assistance claims on direct review, as such claims are "best decided in the first instance in a collateral action." *United States v. Thornton*, 327 F.3d 268, 272 (3d Cir. 2003).

Turning to McElheney's second contention, under U.S.S.G. § 5K2.12 "[o]rdinarily coercion will be sufficiently serious to warrant departure only when it involves a threat of physical injury, substantial damage to property, or similar injury resulting from the unlawful action of a third party . . . . [P]ersonal financial difficulties . . . do not warrant a downward departure." The "need" to pay defense counsel fees in a separate action does not rise to the level of coercion or duress described by U.S.S.G. § 5K2.12.

Accordingly, there are no non-frivolous arguments raised in this appeal.

For the foregoing reasons, we will affirm the judgment and sentence of the District Court. Defense counsel's motion to withdraw is granted.